PALIAT *v.* JACOBS.

BILLS AND NOTES—FRAUD—CONSIDERATION.

In action on note given to plaintiff by defendant to pay his share of margin requirement on stock bought on margin in their joint names, defense of fraud and want of consideration, *held,* not established.

Appeal from Wayne; Ferguson (Homer), J. Submitted October 22, 1931. (Docket No. 189, Calendar No. 35,975.)   Decided December 8, 1931.

Assumpsit by Barnett Paliat against Harry A. Jacobs on a promissory note. Judgment for plaintiff. Defendant appeals. Affirmed.

*George E. Eckert,* for plaintiff.

*Seymour A. Jacobs* (*Sternberg & Sternberg* and *Joseph A. Arbanas,* of counsel), for defendant.

McDONALD, J. This is a suit on a promissory note. The defense was lack of consideration and fraud in procuring the note. From a judgment for the plaintiff the defendant has appealed.

The particulars of defendant's claim are fully set forth in his special notice accompanying the plea of the general issue, as follows:

"1. That the note mentioned in plaintiff's declaration was procured by plaintiff from this defendant by fraud and false representations, stating that he was to use the said note for the purchase of stock on the Detroit Stock Exchange in the names of both parties, for the benefit of both parties, and that he

failed, neglected and refused so to do, purchasing the said stock, if any, in the name of the plaintiff only, to the great loss of the defendant.

"2. That said representations were then known by the plaintiff to be false and were made by him with intent to deceive and defraud this defendant.

"3. That the said defendant relied upon them, and, believing them to be true, executed the said note and received no consideration therefor.

"4. That the said note was given by the. defendant solely for and on account of the purchase of said stock and without any other consideration therefor."

. There is no evidence in the record to establish the above allegations of fraud. It is undisputed that all of the stock in which the defendant was jointly interested was purchased by the plaintiff on a 40 per cent. margin before the note was given, and that the price of the stock declined, making an additional margin payment necessary. In lieu of the cash, which defendant was unable to furnish, he gave the plaintiff the note in question. The brokers would not accept the note, and the plaintiff was compelled to meet the margin requirement with his own funds. The note was not paid. The stock continued to decline, and was finally sold by the plaintiff at a loss of over $3,000. There was no agreement that defendant was to get any stock. His only interest was in the profits.

"Q. Were you to get one-half of this stock?

"A. To turn over the stock he says that will not be necessary, but he will give me half of the profits.

\*  \*  \*

"I was a partner to the profits."

The defendant knew that the stock was bought on margin; he knew the price had declined, and that

he was giving his note to pay his share of the additional margin requirement. In view of these facts, his claim that the note was given to purchase stock in their joint names is wholly without merit. The validity of the note is unquestioned by any evidence.

The judgment is affirmed, with costs to the plaintiff.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.